UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LINZY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 15-2054 |
| | ) |
| THE BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION

NOW COMES Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, a body corporate and politic, by and through its attorney, Gary Lietz of Lietz Banner Ford LLP, and in answer to Plaintiff's Complaint of Employment Discrimination, responds as follows.

### RESPONDING TO ALLEGATIONS IN THE COMPLAINT

### I.  PARTIES

2. Defendant admits the allegations set forth in paragraph 2.

3. Defendant states that the properly named Defendant is The Board of Trustees of the University of Illinois, but admits the remaining allegations set forth in paragraph 3.

4. Defendant assumes that Plaintiff means the Pennsylvania Avenue Residence Dining Hall located at 906 College Court, Urbana, Illinois, and admits the remaining allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5(c).

6. Defendant denies discrimination against the Plaintiff on any date.

1

## II.  JURISDICTION

7-9. Defendant admits that the Plaintiff has checked the boxes under paragraphs 7-9 regarding jurisdiction.

10. Defendant believes that Plaintiff has received a Right to Sue Notice, but no such Notice was attached to the Complaint and asks that the Court order Plaintiff to file the same.

## III.  FACTS IN SUPPORT OF CLAIM

11. Defendant admits that Plaintiff is making the allegations as marked in paragraph 11.(g).

12. If Plaintiff means his immediate supervisor on April 3 and April 6, 2014, then Defendant admits that Steve Sappenfield was Plaintiff's supervisor on those dates, but denies the remaining allegations of the first four sentences of paragraph 12 and states that a supervisor has the right to interrupt conversations and watch and follow an employee under supervision.

Defendant denies the fifth sentence referencing events on or after April 6, 2014.  If Plaintiff means Ben Grice as the Unit Manager mentioned in the sixth sentence, Defendant admits that Plaintiff told Ben Grice, but denies the remaining allegations of that sentence.  In the seventh sentence, if Plaintiff meant reporting his "situation" to the scheduling office, then Defendant admits that portion of the seventh sentence and denies the rest of that sentence.

13. Defendant denies that Plaintiff is entitled to any of the relief set forth in paragraphs 13(a) through (h), regardless of which subparagraphs are marked.

### AFFIRMATIVE DEFENSE – PLAINTIFF'S TERMINATION WAS JUSTIFIED AND PROPER AS EXTRA HELP

14. The Plaintiff's claim is barred due to the fact that his separation from employment with the University was justified and proper, and because Plaintiff was an Extra Help employee (see Exhibit A, attached), who would have worked on a temporary basis with a position that

cannot exceed more than 900 hours in any consecutive 12-month period of time; in Plaintiff's case, with Dining Services within University Housing.

On or after April 9, 2014, Plaintiff communicated to Dining Services that he no longer wanted to work at Pennsylvania Avenue Residence Halls. Dining Services has six dining halls, but two supervisors from two of the six had previously requested that Plaintiff no longer be placed in their dining hall due to poor performance, insubordination, and lack of collegiality.

With only three dining halls available for placement, this significantly reduced the flexibility Defendant needs for any Extra Help employee. In addition, Plaintiff had exhibited poor performance and insubordination on and before April 9, 2014 and Defendant decided to end its relationship with Plaintiff.

## AFFIRMATIVE DEFENSE – NOT RETALIATION UNDER TITLE VII

The retaliation complained of in Plaintiff's Complaint does not fall within the protection set forth in Title VII as retaliation.

Respectfully submitted,

The Board of Trustees of the University of Illinois, a body corporate and politic, Defendant,

By:   Lietz Banner Ford LLP

By:     s/ Gary R. Lietz
      Gary R. Lietz
      No. 1659774
      Lietz Banner Ford LLP
      Suite 103
      1605 S. State Street
      Champaign, Illinois 61820
      Email:  glietz@lbflaw.com
      Telephone:  (217) 353-4900
      Facsimile:  (217) 353-4901

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LINZY , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 15-2054 |
| ) | |
| THE BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I certify that on August 28, 2015 I electronically filed the foregoing with the Clerk of the Court using the CMECF system, and I certify that I have mailed by the United States Postal Service the document to the following non CMECF participants: Charles Linzy, 1002 Pomona Drive, Champaign, Illinois 61822.

    s/ Gary R. Lietz
Gary R. Lietz
No. 1659774
Lietz Banner Ford LLP
Suite 103
1605 S. State Street
Champaign, Illinois 61820
Email:  glietz@lbflaw.com
Telephone:  (217) 353-4900
Facsimile:  (217) 353-4901